Helser *versus* McGrath.

52   531
35 SC ⁴638

1. The order of examination and cross-examination is much within the discretion of the judge at trial, but the latitude should not extend to give an undue advantage to one party.

2. Cross-examination is regular only when confined to the testimony of the witness in chief; a defendant cannot introduce his defence by cross-examining to matters not before testified to.

3. In a question whether a sale of goods was *bonâ fide*, there was evidence that the vendee after the sale said they belonged to the vendor. It was error to instruct the jury that if they believed the plaintiff "disclaimed all ownership of the property," they should find against him.

4. Such disclaimer was evidence against the vendor, but did not estop him, unless some one had acted upon it to his injury.

ERROR to the Court of Common Pleas of *Franklin county*.

This was an action of trespass, commenced August 9th 1862, by Solomon Helser against William McGrath, sheriff of Franklin county, for taking, &c., the goods of the plaintiff.

The goods in question were a quantity of rye levied on and sold by the sheriff, as the property of Jacob Myers, which Helser alleged was his. There had been a sale by Myers of his store to Helser, which was alleged to be colourable. It was also alleged that the rye had been bought with the proceeds of the store, and was in fact Myers's property. There was evidence that Helser disclaimed the ownership of the rye.

On the trial, Myers was called as a witness for the plaintiff, and testified that none of the rye that was sold was his, that it belonged to Helser. On the cross-examination the defendant proposed to ask the witness, "whether the rye was not taken in and paid for by the proceeds of the store, and to inquire into the circumstances under which Myers went into the store, how long he remained, what compensation he received, how he managed the business, and to follow this with the declarations made by the witness to others, that the rye belonged to himself; and with the declarations of Helser, that the rye belonged to Myers."

The plaintiff objected, not to so much of the offer as proposed to inquire of the witness whether he did not say, at other times, that the rye was not Helser's but belonged to witness, but to the remainder of the offer, because it is not an answer to anything inquired of the witness, and testified to by him in his examination in chief, and because the offer contains the subject-matter of the defence, set up by the defendant, and is entirely new and independent testimony.

The court overruled the objection, and an exception was taken.

King, P. J., instructed the jury, amongst other things:—

"If you believe that Helser disclaimed all ownership of the property, and spoke of it and treated it as belonging to Myers, it

[Helser *v.* McGrath.]

is your duty to render a verdict against him. He has no right to complain if he is taken at his word."

There was a verdict for the defendant; and the above ruling on the evidence and instruction to the jury were assigned for error.

*J. McD. Sharpe*, for plaintiff in error, as to the admission of the evidence, cited Ellmaker *v.* Buckley, 16 S. & R. 72; Mackinley *v.* McGregor, 3 Whart. 370; Castor *v.* Bavington, 2 W. & S. 505; Floyd *v.* Bovard, 6 Id. 75; Mitchell *v.* Welch, 5 Harris 340; Tiley *v.* Moyers, 7 Wright 405; 1 Greenl. Ev. §§ 445–447; 1 Stark. Ev. 164; Philadelphia and Trenton Railroad Co. *v.* Stimpson, 14 Pet. 448, 461; Breinig *v.* Meitzler, 11 Harris 157; Turner *v.* Reynolds, Id. 199.

The judge treated the declarations of the plaintiff as an estoppel. To make an estoppel *in pais*, three ingredients must appear affirmatively: misrepresentation or wilful silence by one having knowledge of the fact; that the actor having no means of information, was, by the conduct of the other, induced to do what otherwise he would not have done, and that injury would ensue from a permission to allege the truth: Commonwealth *v.* Moltz, 10 Barr 531 and 532; Stephens *v.* Baird, 9 Cow. 274; Derry *v.* Field, 5 Metc. 381; Congregation *v.* Williams, 9 Wend. 147; Pickard *v.* Sears, 6 A. & E. 469; Gregg *v.* Wells, 2 P. & D. 296; Dosell *v.* Odell, 3 Hill 291; Martin *v.* Ives, 17 S. & R. 366; Lewis *v.* Carstairs, 5 W. & S. 209; Brubaker *v.* Okeson, 12 Casey 519; Hill *v.* Epley, 7 Id. 331; Bitting's Appeal, 5 Harris 211; Woods *v.* Wilson, 1 Wright 379; Miranville *v.* Silverthorn, 12 Id. 149.

But if the judge did not mean to charge that this was an estoppel, he should not have given a binding instruction: Newman *v.* Edwards, 10 Casey 32; Nieman *v.* Ward, 1 W. & S. 82; Parker *v.* Donaldson, 6 Id. 137; Com. *v.* Henderson, 1 P. R. 401; Strohl *v.* Levan, 3 Wright 177; Sandford *v.* Decamp, 8 Watts 542; Payne *v.* Craft, 7 W. & S. 462; Heaton *v.* Findlay, 2 Jones 304; Paull *v.* Mackey, 3 Watts 110; Harlan *v.* Harlan, 8 Harris 303; Thomas *v.* Snyder, 11 Id. 515; Ream *v.* Harnish, 9 Wright 376.

The paper-books did not show the counsel for the defendant in error.

The opinion of the court was delivered, June 25th 1866, by

THOMPSON, J.—The order of examination and cross-examination of witnesses is so much a matter within the discretion of the judge trying the cause that we seldom reverse on an exception to it, yet it is very important that the latitude should not extend to give an undue advantage to one party over the other in the trial. The

cross-examination, as a general thing, is only regular when it is confined to the testimony given by the witness in chief: 11 Harris 199. In Breinig v. Metzler, same book, page 157, it was said that a defendant cannot introduce his defence by cross-examining a witness of the plaintiff to matters not before testified to. This, I understand, has always been the rule. These rules, as well as all others on the order of examination of witnesses and the introduction of testimony, have for their object the eliciting of truth and the preservation of the equality of the rights of parties in trials in courts. Much, however, must still be left to the discretion of the judge. Neither the rule nor the exception must be allowed, if it can be prevented, unduly to prejudice the parties. The exercise of a prudent discretion by the judge is the only guard against this in many cases. Although we will not reverse in this case for an excess of latitude in the cross-examination, because we do not discover the injury from it, yet we think it was very great and beyond the limits of the authorities generally. Doubtless the learned judge thought he saw the propriety of allowing it, and we cannot say he was wrong, for we have not his means of judging. It being a case involving some questions of fraud, although nothing of that had appeared in the plaintiff's testimony at the time of the cross-examination of the witness Myers, he adopted the doctrine, no doubt, that great latitude of testimony and freedom of examination are allowable in such a case. So it is. But I do not agree that it authorizes the introduction of the defence by way of cross-examination of the plaintiff's witnesses, unless this is the result of a legitimate cross-examination. If the party is indulged in putting leading questions in an irregular cross-examination, it gives him a great advantage unless the other party has the same liberty where the matter elicited is new. At best this is disorderly, and is always prejudicial to a full comprehension of the contest by both court and jury.

No doubt, on another trial, all grounds of complaint on this score will be avoided, unless there is a reason for repeating the course pursued at the last trial. If so, it will lie on the party complaining to convince us of injury to his case by reason of it.

The 2d error assigned is upon the charge, and we think this error is sustained. The rye sold by the sheriff was seized and sold as the property of Myers, but was claimed by the plaintiff, who gave notice of his claim at the sale. The defence to the action against the sheriff was that the store goods exchanged for the rye belonged to Myers and not to the plaintiff. This raised the question whether the sale of the store at Mill Stone Point to the plaintiff was *bonâ fide* or colourable, and to shield it from the creditors of the former. If the former, then the rye was Helser's; if the latter, it was Myers's, as between the creditors and the plaintiff. The instructions on this aspect of the case are not com-

[Helser *v.* McGrath.]

plained of. But there is testimony that the plaintiff had declared that the rye was not his, and upon the testimony the learned judge charged the jury: "If you believe that Helser disclaimed all ownership of the property, and spoke of it and treated it as belonging to Myers, it is your duty to render a verdict against him. He has no right to complain if he is taken at his word."

This was equivalent to saying that whether there was fraud or not in the purchase and ownership of the rye, the plaintiff's case must fail if the jury believed that the plaintiff had denied the ownership of it and declared it belonged to Myers. His declarations were undoubtedly evidence against him, but he was not concluded by them unless on the ground of an estoppel. He and the sheriff were the parties to the transaction on trial. If he proved that he gave notice of his claim at the sale, and the sheriff heard it, he could not estop him from showing his title because of his former declarations, even if he had been cognisant of them, which was not shown. A man may deny his title, but unless some one is induced to act on the disclaimer in good faith, by investing his money or property, he is not estopped from asserting the truth. The difference is very great between declarations which are only evidence against the party making them and where they bind him to abide them, as an estoppel, because of the injury it would inflict on an innocent party acting on the faith of them if he were allowed to allege the contrary. It would be a fraud to permit him in such circumstances to do so. "There must be an assertion of right or fact," said my brother the chief justice, in Miranville *v.* Silverthorn, 12 Wright 149, "by one party, and an acting upon it in good faith by the other, and a detriment to result to the latter by correcting or altering it."

To the same effect are the numerous authorities referred to in the able argument of the counsel for the plaintiff in error. The learned judge erred therefore, we think, in his peremptory instruction that it was the duty of the jury to find against the plaintiff if they believed that he had disclaimed the ownership of the property, without explaining that this would only be so if the facts were sufficient to estop the plaintiff from gainsaying his former declarations. We do not see the evidence which raises such a defence, and if not, the declarations were but evidence, and did not preclude him from showing the truth as to the ownership of the rye. A party is never held to have talked away his title if no one is injured, although his declarations are evidence against him.

We think there was error in this last point, for which the judgment must be reversed.

Judgment reversed, and *venire de novo* awarded.