## Ebensburg Trust Co. *v.* Pike, Appellant.

Argued March 22, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*F. J. Hartmann,* with him *Harry Doerr,* for appellant. —However indisputable the proof, when it depends on oral testimony, it is nevertheless the province of the jury to decide: Reel v. Elder, 62 Pa. 308; Bartlett v. Rothschild, 214 Pa. 421.

*P. J. Little,* with him *Charles Hasson* and *Philip N. Shettig,* for appellee.—If the testimony of I. E. Lewis was at all admissible, it could not be stricken out because the motion was general, and did not state any reason for striking out such testimony: Dosch v. Diem, 176 Pa. 603; Shannopin Coal Co. v. Greene Co., 280 Pa. 4;

Hoffman v. Ins. Co., 274 Pa. 292; Smith & Co. v. Myler & Aber, 22 Pa. 36.

Conceding the right of defendant to demand proof of the signatures, he waived it by allowing the note to go in without objections: Dunning v. Heller, 103 Pa. 269; Wolf Creek Co. v. Schultz, 71 Pa. 180.

The court did not err in directing judgment for plaintiff: Dalmas v. Kembly, 215 Pa. 410; Sikorski v. Ry., 260 Pa. 243; Wanamaker v. Burke, 111 Pa. 423; Lipper Mfg. Co. v. Morris, 58 Pa. Superior Ct. 611; Johnson Co. Savings Bank v. Koch, 38 Pa. Superior Ct. 553; Fehr v. Campbell, 288 Pa. 549; Harbaugh v. Butner, 148 Pa. 273.

The basis of the action was a judgment note in writing, signed by defendant, and the construction of such writing and legal effect of such contract was for the court: Kimbrough v. Hoffman, 6 Pa. Superior Ct. 60; Fisher v. Moyer, 17 W. N. C. 500; Forrest v. Nelson, 108 Pa. 481.

OPINION BY MR. JUSTICE FRAZER, April 15, 1929:

Defendant in 1920 gave to the Navy Smokeless Coal Company a judgment note for $2,500. The note was renewed ten times, the last renewal being a note dated April 10, 1923, payable four months from that date. This last note was assigned to the Cambria Title Savings & Trust Company, now Ebensburg Trust Company, use-plaintiff, and judgment was entered thereon January 20, 1926. On February 8, 1928, a petition was presented by defendant for a rule to open the judgment averring the original note was delivered in payment for the purchase of first mortgage bonds of the Navy Smokeless Coal Company, on condition that the note should not be negotiated or paid until delivery had been made of the bonds so purchased; that the coal company failed to deliver bonds of the character mentioned, though petitioners had many times demanded their delivery; that plaintiff, as assignee of the note, had notice of all the circum-

stances; that defendant did not receive value for the note, and that plaintiff was, accordingly, not an innocent holder for value. The answer to the petitioner denied that the obligation was not to be negotiated or paid until delivery of the bonds, and averred the coal company had in fact placed the bonds with plaintiff as collateral security for the note with the knowledge and consent of defendant, and that defendant had signed ten renewal notes with knowledge that plaintiff held the same and also the collateral, and without having made known to plaintiff any defense which defendant might have, and further that defendant in fact received full consideration for the original note by virtue of a check in the sum of $2,500 delivered to and endorsed by defendant.

The rule to open the judgment was made absolute and upon the case being called for trial plaintiff, instead of offering the note in evidence and thus making out a prima facie case, proceeded to introduce evidence of what took place at the time the original note was given, and offered to prove the delivery of a check for $2,500 to, and receipt of defendant's original note from, a third person who was the agent of defendant in the transaction, and that there were nine intermediate renewals of the note before the one in suit was given. Following preliminary proof given, but before agency was shown, the note was offered and received in evidence without objection. Plaintiff then offered in evidence the original check in consideration of which the note was given, to which objection was made on the ground that the endorsement of defendant was not proven. This objection being overruled, plaintiff then rested. Defendant offered no evidence, and, at the request of plaintiff, the trial judge directed a verdict in its favor, and subsequently dismissed defendant's motions for a new trial and for judgment non obstante veredicto.

Counsel for defendant concede that the receipt of the note in evidence made out a prima facie case, and that if no other evidence had been offered by plaintiff it would

have been entitled to binding instructions, unless defendant proceeded to offer his defense. It is argued that defendant was misled by the procedure adopted by plaintiff in going further than necessary and offering not only the note, but testimony tending to rebut the anticipated defense, and contended that being started to prove its case along such lines, plaintiff was bound to offer complete proof, and waived its right to rely upon the prima facie case made out by the introduction of the note in evidence. Defendant also complains the court should have refused to accept such testimony because properly rebuttal evidence which should not have been introduced in plaintiff's case in chief. The admission of such evidence out of order was, however, within the discretion of the trial judge (Shade v. Llewellyn, 250 Pa. 456, 461; Shannopin Coal Co. v. Greene Co., 280 Pa. 4, 7) ; and, under the circumstances, as the evidence stood at the time both sides rested, the admission of the testimony could not possibly have harmed defendant. There were no disputed facts which the trial judge was bound to submit to the jury. It is true there was oral evidence concerning the original transaction, and, while ordinarily the credibility of the witness would have been for the jury, it was unnecessary to submit it in this case inasmuch as, omitting such evidence entirely, there was still sufficient on the record, to wit, the note itself, to entitle plaintiff to binding instructions in absence of any evidence offered by defendant.

The contention that a hardship was imposed on defendant by being taken by surprise was argued before the court below on a motion for a new trial, which was refused on the ground that to grant a new trial would not help defendant, as, under the pleadings, it was not denied there was a long series of renewal notes given without question having been raised as to the consideration of the original obligation, and, as stated in Longacre v. Robinson, 274 Pa. 35, defendant waived the de-

fense of failure of consideration by omitting to mention it at the times the renewal notes were given, especially where, as here, the note was, with knowledge of defendant, in possession of a purchaser for value.

The judgment is affirmed.