## Zubrod, Appellant, *v.* Kuhn.

Argued May 28, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Marshall M. Cohen,* for appellant.

*Charles W. Eaby,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, June 30, 1947:

Plaintiff brought two suits against the defendant, one in assumpsit for $975.00 allegedly advanced to the defendant and the other in trespass for an assault and battery allegedly made on the plaintiff in Lancaster on June 20, 1944. Plaintiff claims that the money placed in defendant's hands was to be matched "dollar for dollar" by her and that after plaintiff's return from service he and she were to open a restaurant in Lancaster. According to plaintiff's testimony, he and the defendant came in contact with each other in a cocktail lounge in New York City about midnight on September 4, 1943, and a few minutes later she greeted him outside the cocktail lounge with the remarks "Oh gosh, sailor, am I drunk!"; that she was a "milliner from Lancaster" and that she had come to New York "to celebrate". He then proceeded to help her "celebrate". A week later he met her in Lancaster. On September 18, 1943, he met her at the Broad Street Station in Philadelphia and he and she spent a weekend in Philadelphia. During the Philadelphia meeting, on September 20, 1943, he advanced the defendant $525.00. At that time they agreed to be married. She had told him that she had "got rid of her husband eleven years before that." He learned in April of the following year that she had not been divorced. She did, however, obtain a divorce on June 12,

1944. Plaintiff then went overseas and returned to this country on March 30, 1944. He phoned the defendant and she spent three days and three nights with him at the Times Square Hotel in New York City.

Between April 1st and 3rd, 1944, he gave defendant $450.00, making a total of $975.00 which he advanced to her. On April 30, 1944, he came to Lancaster and found out that she had not been divorced. He said to the defendant: "What in the hell kind of a human being are you? . . . you are not going to take me over, girl." She then promised to return the money to him. Later she came to New York and told him she "wanted to patch it all up again." On June 19, 1944, she told him she would never marry him and would never return the money to him. This led to an altercation on June 20, 1944, in Lancaster. Omitting all the unsavory details of the assault and battery which took place, plaintiff claims that defendant "sank her teeth into his finger" and said "I will mark you for life." She hit him in the eye with her hand and caused it to become black and blue. Among other things she did to him physically was to grab an alarm clock and smash it into his spine, which dazed him. He said he got up and sat in a chair for about an hour.

In the trespass action, plaintiff sued for $11,650.00 damages. Both the action in assumpsit and trespass were tried together and verdicts were returned in favor of the defendant in both cases. Plaintiff took appeals from the judgment in both cases, and we remitted the appeal in the assumpsit case to the Superior Court because the amount involved was not within our jurisdiction. Criminal proceedings growing out of the relationships of this plaintiff and defendant and growing out of the alleged assault and battery were instituted in Lancaster County and resulted in a conviction of the defendant for fraudulent conversion and aggravated assault and battery. An appeal was taken to the Superior Court and the judgment was affirmed. See *Commonwealth v. Kuhn,* 158 Pa. Superior Ct. 154, 44 A. 2d 314.

In the paper book filed in this case covering both appeals, the appellant presented five assignments of error. The first was the order of the court below discharging the rule for a new trial and the second was the final judgment of the court below. The third has relevancy only to the action in assumpsit. The fourth assignment is based upon the refusal of the trial judge to permit Gertrude O'Brien, a witness called by the plaintiff, to testify that the records of Hotel Adelphia, Philadelphia, indicated that the defendant was not registered at that hotel on September 18 and 19, 1943. Defendant had testified that she had registered at that hotel on those two days. The court ruled that it was necessary for the witness to produce the records of the hotel for those two days in order to prove the absence of the defendant from the hotel at that time or it was necessary for the witness to show that the records were either lost or too cumbersome to produce in court or were otherwise unavailable. This was not done and the evidence was rejected. This rejection for these reasons was not error. The testimony was offered to impeach the credibility of the witness on a collateral matter. This would also have been a valid reason for the refusal of the offer. In *Commonwealth v. Petrillo,* 341 Pa. 209, 19 A. 2d 288, we held: "No witness can be contradicted *on everything he testifies to* in order to 'test his credibility.' The pivotal issues in a trial cannot be 'side-tracked' for the determination of whether or not a witness lied in making a statement about something *which had no relationship to the case on trial.* The purpose of trials is not to determine the ratings of witnesses for general veracity. A witness can be contradicted only on matters germane to the issue trying. There is no rule more firmly established than this: 'No contradiction shall be permitted on collateral matters.' "

The fifth assignment of error was the offer on the part of the plaintiff "to prove the record of conviction of Irma K. Kuhn, for the sole purpose of impeaching her credi-

bility." It should be noted that no particular criminal offense was named in the offer, and to that extent the offer was inadequate. Furthermore, even if it had been properly made the offer would have to be rejected under the authority of *Nowak v. Orange*, 349 Pa. 217, 36 A. 2d 781, where we held that in a civil action to recover damages for assault and battery, the record of defendant's conviction in a criminal court on the same charge of assault and battery against the prosecutor is not admissible.

The assignments of error are overruled; the judgment is affirmed.