McGoldrick, Appellant, *v.* Pennsylvania Railroad Company.

598

Argued November 28, 1967.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

Herbert K. Fisher, with him Bloom, Ocks & Fisher, for appellant.

F. Hastings Griffin, Jr., with him Dechert, Price & Rhoads, for appellee.

OPINION BY MR. JUSTICE EAGEN, July 1, 1968:

In this action to recover damages for personal injuries allegedly caused by the negligence of employees of the defendant, the jury returned a verdict for the defendant. After plaintiff's motion for a new trial was dimissed, judgment was entered on the verdict. This appeal followed.

The injuries resulted from a collision between an automobile owned by the plaintiff, in which he and four friends were riding, and a Diesel engine operated

by employees of the defendant. Plaintiff's automobile at the time was traveling north on Delaware Avenue in the city of Philadelphia and the defendant's engine was located on a lead track extending across Delaware Avenue from Pier 98 south to tracks on the westerly side of Delaware Avenue. As a result of the collision, plaintiff suffered severe personal injuries and a loss of memory as to all circumstances and happenings immediately prior to and at the time of the accident.

Before the accident, plaintiff and his group of friends had an outing or picnic in an area on the banks of the Delaware River in South Philadelphia. At trial one of those in attendance testified for the plaintiff during direct examination that he did not see any whisky at the picnic, but did see "about two bottles of beer." On cross-examination plaintiff himself admitted having consumed about one-third of a quart of beer while at the picnic. There was no other evidence that plaintiff personally consumed any intoxicants prior to the accident or suffered from any degree of intoxication.

For the purpose of impeaching the witness who testified about the absence of intoxicants at the picnic, the trial court, over objection, permitted a qualified pathologist to testify that he performed an autopsy on the body of one of the individuals riding in plaintiff's automobile, who had been killed in the accident;[1] that the percentage of alcohol in this decedent's blood indicated he had consumed the equivalent of 7-9 ounces of 100-proof whisky, or 7-9 bottles of beer; that these findings were confirmed by an urinalysis and an examination of the stomach contents; and that the last mentioned examination, in itself, showed this decedent had been drinking intoxicants within an hour or two of the time of his death.

---

[1] Two occupants of the automobile were killed in the accident.

It is a well recognized principle of law that a witness may not be contradicted on "collateral" matters. *Zubrod v. Kuhn,* 357 Pa. 200, 53 A. 2d 604 (1947). As we stated in *Commonwealth v. Petrillo,* 341 Pa. 209, 223, 19 A. 2d 288, 295 (1941): "No witness can be contradicted *on everything he testified to* in order to 'test his credibility.' The pivotal issues in a trial cannot be 'sidetracked' for the determination of whether or not a witness lied in making a statement about something *which has no relationship to the case on trial.*" Contradicting evidence is "collateral" if it may not be admitted at trial for any purpose independent of the contradiction. *Commonwealth v. Petrillo,* supra at 224, 19 A. 2d at 295; *Commonwealth v. Neill,* 362 Pa. 507, 521, 67 A. 2d 276, 282 (1949) (concurring opinion); 3 Wigmore, Evidence, §1003 (3d ed. 1940). Evidence that one of the deceased passengers in plaintiff's automobile had been drinking heavily before the accident was clearly inadmissible apart from the contradiction. See *Wentworth v. Doliner,* 399 Pa. 356, 160 A. 2d 562 (1960). The evidence introduced during plaintiff's case in chief indicating that there had been little intoxicants at the picnic also was inadmissible unless and until evidence of drinking on the part of the plaintiff sufficient to raise the issue of contributory negligence had been introduced.[2] Therefore, since the contradiction concerned a collateral matter, it should have been excluded.

---

[2] Although the trial court normally has discretion to admit out of order evidence in rebuttal of an anticipated defense, see *Ebensburg Trust Co. v. Pike,* 296 Pa. 462, 146 A. 122 (1929), this discretion is abused if it unduly prejudices one of the parties. See *Helser v. McGrath,* 52 Pa. 531 (1866). Since we rule that the defendant cannot contradict plaintiff's witness who said that there was little or no drinking at the picnic, it would be unduly prejudicial to the defendant to permit plaintiff to anticipate contributory negligence as a defense.

The lower court ruled, however, that since the question of the presence of intoxicants at the picnic was introduced on direct examination, the rule proscribing contradiction on collateral matters does not apply. With this we cannot agree. While dictum improvidently employed in *Bruno v. Brown*, 414 Pa. 361, 200 A. 2d 405 (1964), lends support to the position that contradiction is permissible on collateral matters first introduced on direct examination, a scholarly reading of the opinion clearly reveals that the decisional ruling in *Bruno* was that the evidence there involved was not directed to a collateral matter. This is why it was admissible. The decision in *Bruno* in no way rested on the exception advocated by the defendant and accepted by the lower court. Nor are we aware of any appellate decision in Pennsylvania in which such an exception has been recognized. Moreover, highly respected authority strongly disapproves of such an exception. 3 Wigmore, Evidence, §1007 (3d ed. 1940). Therefore the general rule prohibiting the contradiction of a witness on collateral matters should have been applied.

Although application of the rule prohibiting contradiction on collateral matters normally should be left to the discretion of the trial court, 3 Wigmore, Evidence, §1003 at pp. 659-60 (3d ed. 1940), where the contradiction concerns a matter which is collateral because it is unreasonably prejudicial to one of the parties, the trial court abuses its discretion by permitting the contradiction. That is the case here. The evidence of heavy drinking by one of the passengers in plaintiff's automobile unreasonably prejudiced plaintiff and the trial court's instruction to the jury that the evidence was not to be considered as proof that the plaintiff himself had been drinking intoxicants prior to the accident was insufficient to overcome this prejudice. See *Wentworth v. Doliner*, supra.

Finally, the defendant contends that any error in the admission of evidence should not be ground for reversal because the plaintiff should have been found contributorily negligent as a matter of law. We disagree. Even assuming that the operator of the automobile was contributorily negligent as a matter of law, whether or not the plaintiff was in fact the operator was a question for the jury to determine under the proof presented.

Reversed and remanded for a new trial.

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

According to plaintiff's evidence, plaintiff, with a group of friends, went (on May 8, 1959) to a picnic area in an open field on the banks of the Delaware in South Philadelphia. About midnight, the group departed in two automobiles, one of which was owned by plaintiff. Plaintiff's car was occupied by himself and four of his friends. They intended to go to Chinatown for something to eat. As plaintiff's car was proceeding north on Delaware Avenue at Pier 98 South, it collided with defendant's switching engine, which had entered Delaware Avenue from a lead extending from Pier 98 to the defendant's tracks on the west side of Delaware Avenue. Plaintiff did not prove why he did not see defendant's engine and testified that he had no recollection of the occurrence of the accident. It is to be noted that following the accident plaintiff told the accident investigation officer that he had been driving his car. However, at the trial he claimed that he could not remember whether he was driving his car or was simply a passenger therein.

As a result of the collision, two occupants of the car were killed and plaintiff suffered severe personal injuries for which he brought this present trespass action. One of the plaintiff's witnesses testified that

during the party there were two, and only two, bottles of beer for the entire group. It is this testimony that gives rise to the sole question on this appeal.

Defendant's evidence was as follows: About 1 a.m. on May 9, 1959, an automobile operated by plaintiff ran into a switching engine on Delaware Avenue. The engine was visible from at least 400 feet, and plaintiff's automobile (1) was operated in excess of 60 miles per hour and (2) was neither braked nor (3) did it swerve prior to the collision. The jury believed defendant's witnesses and brought in a verdict for defendant.

The sole assignment of error raised by plaintiff on this appeal was the ruling of the trial Judge permitting defendant's medical witness to testify as to his findings of laboratory tests performed on the contents of the stomach of one of the passengers in plaintiff's car which showed he had been drinking heavily within an hour or two of his death. This evidence was admitted for the *sole and restricted purpose of rebutting the testimony of one of plaintiff's witnesses* who had testified in direct examination that he did not see any whisky at the picnic but saw about two bottles of beer, and did not see plaintiff drink any beer. Plaintiff himself testified on cross-examination that he had consumed about one-third of a bottle of beer at this picnic.

The majority hold that the admission of this rebutting testimony constituted prejudicial error, since it was collateral to the issues involved and since there was no evidence on behalf of defendant to show that plaintiff was intoxicated at the time of the accident. It is obvious that plaintiff ran into defendant's train either because he did not look or because he was intoxicated. While a witness may not be impeached through cross-examination on matters not germane to the issues involved, *Zubrod v. Kuhn*, 357 Pa. 200, 53 A. 2d 604, and *Commonwealth v. Petrillo*, 341 Pa. 209,

19 A. 2d 288, this rule is inapplicable where matters upon which impeachment is sought were first introduced during direct examination: *Bruno v. Brown*, 414 Pa. 361, 200 A. 2d 405.

One of the crucial issues in this case was whether plaintiff had been drinking—if he had not, it would have been almost impossible for him to fail to see the defendant's engine. In *Zubrod* and in *Petrillo*, supra, which are relied upon by the majority Opinion, the Court relevantly said (page 203): "In Commonwealth v. Petrillo, 341 Pa. 209, 19 A. 2d 288, we held: 'No witness can be contradicted *on everything he testifies to* in order to "test his credibility." The pivotal issues in a trial cannot be "side-tracked" for the determination of whether or not a witness lied in making a statement about something *which had no relationship to the case on trial.*'"*

It is clear that the question of drinking had a relationship to the case on trial and whether the material testimony on behalf of the plaintiff on the question of drinking was true or false. Furthermore, Mr. Justice EAGEN, joined in by five Justices, wrote in *Bruno v. Brown*, 414 Pa., supra, which is directly in point (page 364): "A witness may not be impeached through cross-examination on matters not germane to the issue involved, *unless such matters were first introduced during direct examination.*"** The contrary rule which is now adopted by the majority will open wide the door to fraud.

Furthermore, the cases hold that even if this were a collateral matter, the question of admission should be left to the discretion of the trial Court. Moreover, plaintiff could not have been unreasonably prejudiced in the light of the Court's charge to the jury. The

---

* Italics in original Opinion.
** Italics, ours.

trial Judge in his charge to the jury pertinently said: "In connection with this testimony, I charge you that this was offered for a restricted purpose only. This certainly is not to be considered by you in any way as evidence that the plaintiff himself had any alcohol in him nor that it in any way affected the plaintiff's operation of the car. This testimony was offered because there had been testimony by the plaintiff and his witness that there had been only two bottles of beer at this Eight Rocks, and that they had been drinking chiefly soda. It is only as to whether or not this had any effect on the testimony of the plaintiff and his witness that you will consider the testimony of the Medical Examiner, and only for the purpose of the *credibility** of the witness Anastasi and the plaintiff in this connection. It is not to be considered in any way concerning the operation of the plaintiff's car or the actions of the plaintiff at the time of the collision."

For these reasons, I strongly dissent and would affirm the Judgment of the lower Court, which had sustained a verdict for the defendant.

---

\* Italics, ours.