**UNITED STATES of America**

v.

**Dennis O'Brien COLEMAN, Jr., and John Martin Swords.**

**Crim. No. 70–547.**

United States District Court,
E. D. Pennsylvania.

Feb. 29, 1972.

Thomas J. McBride, Asst. U. S. Atty., and Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., for the Government.

John J. Duffy, West Chester, Pa., for defendant John Swords.

William H. Radebaugh, Jr., Downingtown, Pa., for defendant Dennis Coleman.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

The defendants have filed motions for a new trial or in arrest of judgment. The defendants were found guilty by a jury on June 8, 1971 of robbing the Industrial Valley Bank and Trust Company, Norco Mall, Pottstown, Pennsylvania on July 14, 1970, in violation of 18 U.S. C. § 2113. Dennis Coleman was found guilty on four counts as the actual robber and John Swords was found guilty on two counts as being the planner of the robbery.

The two defendants were represented by separate counsel. The defendants were tried together. The two attorneys representing the defendants have filed separate motions for new trial or in arrest of judgment. I shall deal with each of them together because the issues which are raised are basically the same. However, when a dichotomy must be drawn between the two defendants, I will proceed to deal with each issue as it pertains to each defendant. The defendants have raised the following as the basis for their motion:

1. *The Court erred in refusing to grant John Swords ten peremptory challenges upon voir dire examination.*

Rule 24(b) of the Federal Rules of Criminal Procedure controls the number of peremptory challenges which may be used. It authorizes ten for the defendant and six for the Government in felony cases. Where several defendants are tried together, they are treated as a single party for purposes of peremptory challenges. The Court may allow additional peremptory challenges for multiple defendants.

■ I allowed each defendant to have six peremptory challenges (N.T. 6–7) for a total of twelve for the defendants. This matter was purely in my discretion and there was no error. See Gradsky v. United States, 342 F.2d 147 (5th Cir. 1965); Amsler v. United States, 381 F. 2d 37, 44 (9th Cir. 1967).

2. *The Court erred in denying John Swords' pre-trial motion for severance.*

■■ Rule 14 of the Federal Rules of Criminal Procedure allows the Court, at its discretion, to permit severance. In exercising its discretion, the Court will balance the inconvenience and expense to the government of separate trials against the prejudice to the defendants in a joint trial, additionally the burden is upon the defendant to show prejudice. See Wright Federal Practice and Procedure, § 223. Here, John Swords was not prejudiced in being tried jointly. He obtained a fair trial. The defendant has not come forward with his burden of showing that he was prejudiced.

3. *It was error in allowing the witness, Jerry Lamoreaux, to be seated at the counsel table with the Assistant U. S. Attorney during the examination of John Swords.*

■ Initially, the attorneys for both defendants have raised this issue. Therefore, I will address the issue as to the possible effects on each defendant. The United States Attorney asked the Court for permission to have Mr. Lamoreaux sit at the counsel table with him (N.T. 456–457). After hearing arguments at sidebar, I allowed Mr. Lamoreaux to be seated next to the U. S. Attorney (N.T. 456–461). I further instructed the jury not to consider Mr. Lamoreaux as part of the prosecution and not to add any additional credit to Lamoreaux's testimony by reason of the fact that he would confer with the U. S. Attorney during the examination of John Swords (N.T. 461). The jury was prop-

erly instructed on this issue and there was no prejudice against either defendant.

4. *The Court erred in charging the jury, in that, the instructions to the jury on the testimony of an accomplice should have included the word "scrutinize".*

■ I charged the jury on the weight to be given an accomplice. In my charge to the jury, I stated:

An accomplice does not become incompetent as a witness because of participation in the crime charged. On the contrary, the testimony of an accomplice alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilty, even though his testimony should not be corroborated or supported by other evidence. However, the jury should keep in mind that such testimony is always to be received with caution and weighed with great care. (N.T. 628).

Mr. Swords' contention is that the word "scrutinize" should have been used rather than the charge which I gave. This contention is completely without merit.

In Federal Jury Practice and Instructions by Devitt & Blackmar, § 12.04, Testimony of Accomplice, the wording which is suggested in the treatise is the same language which I used in my charge, it is: " . . . received with caution and weighed with great care." There are numerous cases cited in this treatise which have held that the language which I used is correct. Therefore, there is no merit to Mr. Swords' contention that the word "scrutinize" should have been used in my charge to the jury.

5. *The Court erred in denying John Swords' motion for a mistrial during the testimony of Joanne Smolik and Claude Endy.*

■ The attorney who represented Dennis Coleman propounded questions on cross-examination to Joanne Smolik (N.T. 84–85) and Claude Endy (N.T. 102) concerning their pre-trial identification of photographs of John Swords. Mr. Swords' attorney alleges that this line of questioning was irrelevant and highly prejudicial because the jury could infer that Mr. Swords had a prior criminal record.

Initially, it is to be noted that it was not the government, but the attorney for Mr. Coleman who submitted the questions to the witnesses. In United States v. Zeiler, et al., 427 F.2d 1305 (3rd Cir. 1970) the Court held, *inter alia*, that each eyewitness at the trial who testified on *direct* examination to having previously identified defendant during pretrial exhibits of photographs conducted *after* defendant was in custody without his counsel being present at exhibition was constitutional error (emphasis added). In the case before me, the witnesses were on cross-examination when the information came out about the photographs, and no attorney was present when the photographs were shown to the witnesses because Mr. Swords had not been apprehended. The fact situation as stated in *Zeiler, supra,* is not present in the case before me.

■ Additionally, Mr. Swords' attorney put Mr. Swords on the witness stand to testify about a prior conviction for violation of the Firearms Act (N.T. 466). Assuming arguendo that the evidence given by the two witnesses as to the photographs did prejudice Mr. Swords, the prejudicial effect of this would be obviated by the fact that Mr. Swords testified, on direct, as to his past criminal record.

6. *The introduction into evidence, by the prosecutor, of Swords' prior criminal record was highly prejudicial and constitutes reversible error.*

It must be pointed out, once again, that Mr. Swords was put on the stand by his attorney. Mr. Swords testified about his prior criminal record on direct (N.T. 466–467). Mr. Swords' attorney brought up the matter about other unrelated crimes. (N.T. 467–68).

■ Once the defendant took the witness stand and voluntarily gave the information about his prior record and possible knowledge of other unrelated crimes on direct, he opened himself up for impeachment of his credibility by the prosecution on cross examination.

This Court is aware of the rule of offending collateral issues just to test a witness' credibility. However, the issue which was germane in the case was whether or not Mr. Swords was involved in the robbery. With this in mind, the prosecution stuck to this issue and did not "side-track" the case in any manner. See Commonwealth v. Petrillo, 341 Pa. 209, 19 A.2d 288; Zubrod v. Kuhn, 357 Pa. 200, 53 A.2d 604.

7. *The Court erred in permitting the prosecution to introduce evidence from Lamoreaux as to why he committed the bank robbery.*

Mr. Lamoreaux testified on direct examination, as a witness for the government, as to a conversation he had with Mr. Swords in which they discussed the bank robbery in order for Mr. Swords to get some money for a business venture in New Jersey. (N.T. 210–211). Mr. Lamoreaux was questioned on cross examination about this matter (N.T. 288). Some time later, Mr. Swords testified on his own behalf and denied any participation in the bank robbery (N.T. 484). The government then put Mr. Lamoreaux back on the stand in rebuttal to Mr. Swords' testimony (N.T. 534–544).

■ Generally, in the trial Judge's discretion, all facts having a rational probative value are admissible in rebuttal unless some specific rule of evidence forbids their admission. See United States v. Glaziou, 402 F.2d 8 (2nd Cir. 1968), cert. denied 393 U.S. 1121, 89 S. Ct. 999, 22 L.Ed.2d 126. In addition, there are many cases which have held, that whether material evidence, which could have been received as part of the case in chief, should be admitted in rebuttal, lies solely within the sound discretion of the trial court. See Rodella v. United States, 286 F.2d 306 (9th Cir.

1960), cert. denied 365 U.S. 889, 81 S.Ct. 1042, 6 L.Ed.2d 199; Samish v. United States, 223 F.2d 358 (9th Cir. 1955), cert. denied 350 U.S. 848, 76 S.Ct. 85, 100 L.Ed. 755, rehearing denied 350 U.S. 897, 76 S.Ct. 150, 100 L.Ed. 789; United States v. Torquato, 316 F.Supp. 846 (W.D.Pa.1970).

■ In this case, it was proper for Mr. Lamoreaux to take the stand on rebuttal because of Mr. Swords' testimony denying any participation in the bank robbery. This was proper rebuttal and there was no error.

For the reasons stated above, defendant's motions for a new trial or in arrest of judgment are denied.