346 Pa. Superior Ct. 395 (1985)
499 A.2d 671
COMMONWEALTH of Pennsylvania
v.
Donald GRANBERRY, Appellant.
Supreme Court of Pennsylvania.
Argued June 20, 1985.
Filed October 18, 1985.
*397 Terrence P. Cavanaugh, Erie, for appellant.
Michael R. Cauley, Assistant District Attorney, Erie, for Commonwealth, appellee.
Before ROWLEY, OLSZEWSKI and DEL SOLE, JJ.

OPINION OF THE COURT
ROWLEY, Judge:
This is an appeal from a judgment of sentence imposed following a jury verdict finding appellant guilty of burglary, receiving stolen property and criminal conspiracy. Appellant filed an Omnibus Pre-Trial Motion which included a motion for discovery, a motion to suppress appellant's confession, a motion to quash the information, and a motion to sever appellant's trial from that of his co-defendant. After a full hearing, the trial court granted the motion for discovery. The motion to quash, the motion to suppress and the motion to sever the trial of the co-defendant were denied. Upon the jury's verdict of guilty on all three charges, appellant was sentenced to four to eight years imprisonment for burglary and criminal conspiracy, and was given a suspended sentence, upon payment of costs and restitution, for receiving stolen property.
Appellant was found guilty of breaking into a private residence with two friends. They removed from the house two lamps, a cuckoo clock, a coffee maker and various pictures and food, which they hid in the woods to be retrieved at a later time. The police were given a tip that appellant might have information about this crime and after questioning at the police department, appellant signed a statement admitting his involvement.
Appellant raises four issues on appeal: first, whether the trial court erred in denying his motion to sever his trial *398 from that of his co-defendant; second, whether the trial court erred in denying his motion to suppress his statement and in allowing it to be introduced in evidence at trial; third, whether the trial court erred in allowing the Commonwealth to call a witness, Leonard Jordan, in view of the fact that the first time appellant was notified that Jordan would testify was during jury selection, and further, in refusing to allow appellant the opportunity to impeach Jordan's testimony by reference to his testimony under oath at an unrelated preliminary hearing; and fourth, whether the trial court abused its discretion by imposing a four to eight year sentence and in not modifying it upon timely demand. Because we find no error or abuse of discretion, we affirm.
Appellant argues on appeal that because of inconsistent defenses between his co-defendant and himself and prejudice to him as a result of a statement given to the police by his co-defendant which was introduced in evidence at trial, the trial court erred in refusing to sever his trial from that of his co-defendant. In his pre-trial motion, appellant argued that because he was not a major actor in the crime and because of the lack of evidence against him, it would severely prejudice his case to be tried with his co-defendant. Because the reasons for severance were different in appellant's pre-trial motion from those being asserted on appeal, the Commonwealth maintains that this argument has been waived pursuant to Pa.R.Crim.P. 9020(d) which provides that:
(d) The failure, in any motion, to state a type of relief or order, or a ground therefor, shall constitute a waiver of such relief, order, or ground.
From our review of the record, however, we cannot ascertain whether, prior to trial, the appellant was aware of either his co-defendant's statement or the existence of allegedly inconsistent defenses. Accordingly, we cannot fairly find this argument waived.
*399 Addressing the merits of this argument, we find our Court's decision in Commonwealth v. Hamm, 325 Pa.Super. 401, 473 A.2d 128 (1984) controlling. The Court stated:
`Questions of consolidation or severance of defendants for trial rest in the discretion of the trial judge and his rulings on such matters will not be disturbed on appeal except for manifest abuse of discretion.' Commonwealth v. Tolassi, 258 Pa.Super. 194, 199, 392 A.2d 750, 753 (1978), aff'd, 489 Pa. 41, 413 A.2d 1003 (1980). . . . When the crimes charged arise from the same acts or series of acts and much of the same evidence is necessary or applicable to all defendants, a joint trial is `permissible, if not advisable.' Commonwealth v. Jackson, 451 Pa. 462, 464, 303 A.2d 924, 925 (1973). . . .
Especially where a conspiracy to commit crime is alleged, the defendants should be tried together, `unless it can be shown that one or more of the defendants will be actually prejudiced by doing so.' Commonwealth v. Johnson, 291 Pa.Super. 566, 582, 436 A.2d 645, 653 (1981).
Id., 325 Pa.Superior Ct. at 409-10, 473 A.2d at 132-133. In this case, the crimes that appellant and his co-defendant were charged with arose from the same act, and one of the crimes was conspiracy. Appellant makes only general allegations of prejudice and our review of the record discloses nothing that supports the argument that the trial court abused its discretion. Therefore, we find that the trial court's denial of appellant's motion to sever was proper.
Appellant next argues that the trial court erred in denying his motion to suppress his confession because it was involuntarily given. He thus concludes it was error for the trial court to have allowed his statement to be used as evidence at trial. Appellant claims that the statement he made was the result of psychological coercion and promises made to him by Detective Sergeant Runstedler. He maintains that the Detective promised him that if he cooperated, he could go home, called him a "nigger", and typed the statement incorrectly, incriminating appellant even though he allegedly did not incriminate himself.
*400 Our standard of review applicable to a challenge to a denial of a motion to suppress evidence was explained in Commonwealth v. Davis, 491 Pa. 363, 368, 421 A.2d 179, 181 (1980) where the Court said:
When ruling on suppression motions, the suppression court is required to make findings of fact and conclusions of law as to whether evidence was obtained in violation of the defendant's constitutional rights, Pa.R.Crim.P. 323(i), and must determine whether the Commonwealth has established by a preponderance of the evidence that the challenged evidence is admissible. Pa.R.Crim.P. 323(h). On review, this court must `determine whether the record supports the factual findings of the court below and the legitimacy of the inferences drawn from those findings.' Commonwealth v. Brown, 473 Pa. 562, 566, 375 A.2d 1260, 1262 (1977); Commonwealth v. Goodwin, 460 Pa. 516, 521, 333 A.2d 892, 895 (1975). In doing so, we will consider `only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted.' Commonwealth v. Brown, 473 Pa. at 566, 375 A.2d at 1262; Commonwealth v. Kichline, 468 Pa. 265, 280-81, 361 A.2d 282, 290 (1976).
A complete review of the record supports the suppression court's findings, namely that the confession was voluntary, that no promises were made, and that when Detective Runstedler used the term "nigger," he was not referring to appellant. Since none of the evidence for the defense remains uncontradicted, the suppression court was required to evaluate the credibility of the witnesses. As stated in Commonwealth v. Davis, 491 Pa. 363, 369 n. 2, 421 A.2d 179, 181 n. 2:
It is well established that credibility determinations are the sole province of the fact finder, Commonwealth v. Tate, 485 Pa. 180, 182, 401 A.2d 353, 354 (1979), and the fact finder is free to believe all, part of, or none of the defendant's testimony. Commonwealth v. Hinchcliffe, 479 Pa. 551, 388 A.2d 1068 (1978), cert. denied, 439 U.S. 989 (1978).
*401 The trial court's determinations of credibility will not be disturbed on appeal.
The third argument appellant makes is that the trial court erred in allowing the Commonwealth to call Leonard Jordan as a witness and in refusing appellant the opportunity to impeach Jordan's testimony by examining him on an unrelated matter. Although appellant was not informed until jury selection that Jordan would testify, the trial court, over appellant's objection, permitted Jordan to take the stand and testify. Jordan testified that a few days after the burglary, while in the company of appellant, appellant revealed the details of the crime to him and admitted that he was involved. Appellant first complains that he was not given adequate time to investigate and prepare rebuttal, and second, that he should have been permitted to impeach Jordan's testimony by showing inconsistencies between a statement Jordan made to the police and testimony he gave under oath involving a matter completely unrelated to the case at bar.
As to appellant's first contention, Pa.R.Crim.P. 305E provides:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.
This paragraph has been interpreted to mean that a "trial court has broad discretion in determining the remedy to be applied in the event there was a failure to comply fully with a demand for discovery." Commonwealth v. Cason, 328 Pa.Super. 326, 331, 476 A.2d 1353, 1356 (1984). Here, appellant was given several continuances during the three days of trial before Jordan testified. He was unable, however, to produce any witnesses or evidence to rebut the *402 testimony of Jordan. After Jordan had completed his direct examination, appellant was granted another continuance for further investigation. Once again, appellant located no witnesses or evidence for use in rebuttal. Given these circumstances, we find that the trial court acted well within its discretion. As our Supreme Court stated in Commonwealth v. Bonacurso, 500 Pa. 247, 252, 455 A.2d 1175, 1178 (1983):
Where the identity of a witness unfavorable to the accused is withheld from the defense until trial, no reversible error occurs if the defense is given ample opportunity by the trial court to ask for a continuance, cross-examine the witness, or take whatever remedial steps are necessary and reasonable under the circumstances.
The trial court took all necessary and reasonable steps required under the circumstances disclosed here and its ruling allowing Jordan to testify was not an abuse of discretion.
The trial court also did not err in its ruling to prevent appellant's effort to impeach Jordan by use of information wholly unconnected with this case. Appellant places great emphasis on Commonwealth v. Gaddy, 468 Pa. 303, 362 A.2d 217 (1976). Gaddy is not controlling here. In that case, defense counsel sought to discredit the Commonwealth's witness by asking about his general use of drugs. The court limited the questioning to the day of the incident so as to determine the state of the witness's mind that day, and went on to say that this questioning was a limited exception to the general rule that counsel may not inquire into the general reputation of a witness.
The applicable rule in this situation is found in Commonwealth v. Fisher, 447 Pa. 405, 413, 290 A.2d 262, 267 (1972), wherein our Supreme Court stated
that in this Commonwealth `a witness may not be contradicted on collateral matters.' McGoldrick v. Pa. Railroad Co., 430 Pa. 597, 600, 241 A.2d 90, 92 (1968). This Court has defined a collateral matter as one which has `no relationship to the case on trial.' Commonwealth v. *403 Petrillo, 341 Pa. 209, 223, 19 A.2d 288, 295 (1941). Accord Commonwealth v. Neill, 362 Pa. 507, 67 A.2d 276 (1949); 3 Wigmore, Evidence, § 1003 (3rd Ed. 1940).
The matter upon which appellant intended to cross-examine Jordan involved another crime that occurred on another day and had no relationship to the instant case. Neither appellant nor Jordan were charged as defendants in that case. As stated in Commonwealth v. Petrillo, 341 Pa. 209, 223, 19 A.2d 288, 295 (1941):
No witness can be contradicted on everything he testifies to in order to `test his credibility. The pivitol issues in a trial cannot be sidetracked' for the determination of whether or not a witness lied in making a statement about something which has no relationship to the case on trial. The purpose of trials is not to determine the ratings of witnesses for general veracity. A witness can be contradicted only on matters germane to the issue trying. There is no rule more firmly established. . . . (Emphasis in the original.)
Therefore, the trial court did not err in its ruling relative to appellant's attempt to insert a wholly collateral consideration into the trial.
Appellant's final argument is that the trial court abused its discretion by imposing an excessive sentence and in failing to modify it upon timely demand. "Abuse of discretion is defined in terms of either a manifestly excessive sentence or one which exceeds the statutory limit." Commonwealth v. Button, 332 Pa.Super. 239, 243-44, 481 A.2d 342, 344 (1984). In making its determination of sentence, the court considered the following: the impact of the crime on the victims, the defendant's character, the need to protect the public, the defendant's potential for rehabilitation (which the trial court considered to be nil), the defendant's past record, and his home situation. In light of these considerations, the sentence was not manifestly excessive. In addition, the sentence was well within the statutory limit, that limit being more than 20 years.
Judgment of sentence affirmed.