NEALON, J.,
ORDER
The plaintiff, Lori Detrick (“Detrick”), in this admitted liability, motor vehicle litigation has filed a “motion in limine to preclude any evidence of or reference to plaintiff’s positive pre-screen urine drug test” during the upcoming trial commencing on March 2,2015. Detrick was involved in an automobile accident with defendant. Deidre Burrus (“Burrus”), on August 10, 2009, as a result of which she received treatment from Dr. Elizabeth Karazim-Horchos. (Docket entry no. 25 at ¶¶ 1-4; Docket entry no. 32 at ¶¶ 1-4). Prior to considering the possible prescription of Duragesic medication for Detrick, Dr. Karazim-Horchos ordered a drug screen on July 27,2010, which was positive for marijuana, opiates and Benzodiazepine. {Id. at ¶¶ 7-8).
Citing Pa.R.E. 401 and 403, Detrick contends that any evidence of that drug test is inadmissible since it is irrelevant and unduly prejudicial. (Docket entry no. 23 at pp. 3-5). Burrus counters that since Detrick denied the use of marijuana during her initial visit with Dr. Karazim- *68 Horchos on March 15,2010, and her discovery deposition on August 17, 2011, evidence of her positive drug screen is admissible to impeach her “credibility involving her denial of marijuana use.” (Docket entry no. 31 at pp. 2, 7). Burrus further asserts that such evidence is relevant under Pa.R.E. 401 inasmuch as it “makes the existence of the fact that the plaintiff’s own post-accident treating provider has serious questions and concerns as to the plaintiff’s medication use more probable than it would be without this evidence.” (Id. at p. 14).
Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and will not be disturbed absent a clear abuse of that discretion. Parr v. Ford Motor Company, 2014 WL 7243152, at *5 (Pa. Super. 2014). “Evidence to impeach the credibility of a witness is admissible so long as it is relevant to that purpose and not otherwise barred.” Com. v. Hoover, 2014 WL 7392244, at *6 (Pa. 2014). However, it is well settled in this Commonwealth that a witness may not be impeached or contradicted on “collateral” matters. McGoldrick v. Pennsylvania Railroad Company, 430 Pa. 597, 600, 241 A.2d 90, 92 (1968); Klein v. Aronchick 85 A.3d 487, 500 (Pa. Super. 2014), app. denied, 104 A.3d 5 (Pa. 2014); Walley v. Iraca, 360 Pa. Super. 436, 444, 520 A.2d 886, 890 (1987).
In that regard, both the Supreme and Superior Court of Pennsylvania have consistently cautioned that:
No witness can be contradicted on everything he testifies to in order to “test his credibility.” The pivotal issues in a trial cannot be “sidetracked” for the determination of *69 whether or not a witness lied in making a statement about something which has no relationship to the case on trial.
McGoldrick, supra; Klein, supra (quoting Com. v. Petrillo, 341 Pa. 209, 224, 19 A.2d 288, 295 (1941)). It is, therefore, axiomatic that “[t]he purpose of trials is not to determine the ratings of witnesses for general veracity.” Klein, supra; Com. v. Granberry, 346 Pa. Super. 395, 403, 499 A.2d 671, 675 (1985). It is equally clear that “[gjeneral questioning concerning the use of drugs does not bear on the witnesses’ ‘character for truth.’” Com. v. Gaddy, 468 Pa. 303, 311, 362 A.2d 217, 221 (1976).
Our appellate courts have stated that “[t]here is no rule more firmly established” than the prohibition against impeachment on collateral matters, Klein, supra (quoting Hammell v. Christian, 416 Pa. Super. 78, 610 A.2d 979, 984 (1992), app. denied, 533 Pa. 652, 624 A.2d 111 (1993)), and a matter is deemed “collateral” if it could not be admitted at trial for a purpose independent of the proffered contradiction. McGoldrick, supra, at 600, 241 A.2d at 92-93 (trial court committed reversible error by allowing autopsy evidence of alcohol consumption by automobile passenger since “[ejvidence that one of the deceased passengers in plaintiff’s automobile had been drinking heavily before the accident was clearly inadmissible apart from the contradiction.”); Klein, 85 A.3d at 501 (trial judge improperly permitted evidence of patient’s history of bulimia as plaintiff’s “disavowal of an alleged history of bulimia is a collateral matter and really has nothing to do with the case.”). Burrus has not identified an independent basis for introducing evidence of Detrick’s *70 apparent use of marijuana more than eleven months after the subject accident. Absent proof that Detrick’s marijuana use is admissible on grounds independent of the proposed impeachment, it is simply not admissible under Pennsylvania law. See McGoldrick, supra; Petrillo, supra; Klein, supra.
Moreover, even if such evidence was somehow relevant, it is nonetheless inadmissible under Pa.R.E. 403 since its probative value is outweighed by the danger of unfair prejudice. “Unfair prejudice” supporting the exclusion of relevant evidence “means a tendency to suggest decision on an improper basis or divert the juiy’s attention away from its duty of weighing the evidence impartially.” Parr, supra, at *9 (quoting Com. v. Wright, 599 Pa. 270, 325, 961 A.2d 119, 151 (2008)). Evidence of Detrick’s marijuana use or positive drug screen could arguably divert the jury’s focus from its sole task of deciding the disputed issue of damages in this case, or could otherwise produce a damages award on an improper basis. See Com. v. Satzberg, 358 Pa. Super. 39, 48, 516 A.2d 758, 762 (1986) (holding that prosecutor’s remarks regarding defendant’s drug use mandated a new trial even though a curative instruction was provided, and concluding that “[t]he prosecutor’s statements about appellant’s drug habits effectively prejudiced the jury against appellant, especially with the present media and political focus on the dangers inherent in drug use.”). Consequently, even if evidence of Detrick’s positive drug screen possessed the requisite probative value, it is nevertheless inadmissible since its putative relevance is outweighed by the danger of unfair prejudice. See Pa.R.E. 403.
*71 And now, this 23rd day of February, 2015, upon consideration of plaintiff’s “motion in limine to preclude any evidence of or reference to plaintiff’s positive pre-screen urine drug test,” defendant’s response thereto, and the memoranda of law submitted by the parties, and based upon the reasoning set forth above, it is hereby ordered and decreed that plaintiff’s “motion in limine to preclude any evidence of or reference to plaintiff’s positive pre-screen urine drug test” is granted.