J-S09008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REYES A. SALAZAR | : | |
| | : | |
| Appellant | : | No. 735 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 10, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009313-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REYES A. SALAZAR | : | |
| | : | |
| Appellant | : | No. 736 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 10, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010630-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REYES A. SALAZAR | : | |
| | : | |
| Appellant | : | No. 737 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 10, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010631-2017

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

J-S09008-21

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 1, 2021**

In this consolidated appeal,[1] Appellant, Reyes A. Salazar, appeals from the January 10, 2020 judgments of sentence that imposed an aggregate sentence of 38 to 76 years' incarceration after a jury convicted Appellant of rape of a child (2 counts), involuntary deviate sexual intercourse with a child (2 counts), unlawful contact with a minor (3 counts), endangering the welfare of a child (2 counts), corruption of a minor – third-degree felony (1 count), corruption of a minor – first-degree misdemeanor (2 counts), and indecent assault of a person less than sixteen years of age (1 count).[2]  We affirm.

_____

[1] In a May 1, 2020 *per curiam* order, this Court, upon Appellant's request, consolidated the three appeals.

[2] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 6318(a)(1), 4304(a)(1), 6301(a)(1)(ii), 6301(a)(1)(i), and 3126(a)(8), respectively.

At trial court docket number CP-51-CR-0009313-2017 ("Docket 9313"), Appellant was convicted of one count each of rape of a child, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, endangering the welfare of a child, and corruption of a minor – third-degree felony.

At trial court docket number CP-51-CR-0010630-2017 ("Docket 10630"), Appellant was convicted of one count each of rape of a child, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, endangering the welfare of a child, and corruption of a minor – first-degree misdemeanor.

At trial court docket number CP-51-CR-0010631-2017 ("Docket 10631"), Appellant was convicted of one count each of unlawful contact with a minor, corruption of a minor – first-degree misdemeanor, and indecent assault of a person less than sixteen years of age.

- 2 -

The trial court summarized the procedural history as follows:

The underlying convictions stem from the alleged sexual abuse of three minor complainants[, D.C., A.O., and A.B.]  On October 7, 2019, following a jury trial, [Appellant] was found guilty of [the aforementioned crimes.]

On January 10, 2020, [the trial] court sentenced Appellant to an aggregate term of 38-76 years' incarceration.  On Docket 9313, Appellant was sentenced to 10-20 years' incarceration for rape of a child, a consecutive term of 5-10 years[' incarceration] for [involuntary deviate sexual intercourse] with a child, a consecutive term of 2[½]-5 years' incarceration for unlawful contact with a minor, and []concurrent term[s[3]] of 2[½]-5 years[' incarceration, each,] for both [his conviction of endangering the welfare of a child and his conviction of corruption of a minor - third-degree felony].  Appellant received an identical sentence under Docket 10630.  On Docket 10631, Appellant was sentenced to 1-2 years' incarceration for indecent assault [of a person less than sixteen years of age], a concurrent [term of] 2-4 years[' incarceration] for unlawful contact, and a consecutive term of 1-2 years[' incarceration] for [his conviction of corruption of a minor – first-degree misdemeanor].  The sentence [imposed at] each docket was ordered to run consecutively.  Appellant was further ordered to comply with all Tier III requirements under Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA"), [42 Pa.C.S.A. §§ 9799-10 to 9799.41,] which includes lifetime registration with the Pennsylvania State Police.

On January 20, 2020, Appellant filed a timely post-sentence motion for reconsideration, arguing that [the trial] court failed to consider his mitigating factors and imposed a "manifestly unreasonable" sentence.[4]

_____

[3] The sentences imposed for Appellant's convictions of endangering the welfare of a child and corruption of a minor – third-degree felony were to run concurrent to the sentence imposed for his conviction of unlawful contact with a minor.

[4] On January 20, 2020, Appellant filed notices of appeal of the judgments of sentence entered at each of the aforementioned trial court dockets.  Upon

[F]ollowing a hearing on February 20, 2020, [the trial] court denied Appellant's post-sentence motion. Trial counsel was permitted to withdraw, and appellate counsel was appointed [on] February 24, 2020.

Trial Court Opinion, 10/9/20, at 1-2 (footnotes and record citation omitted).

These appeals followed.[5]

Appellant raises the following issues for our review:

[1.] Did the trial court frustrate [Appellant's] defense strategy across all three consolidated cases and violate his right to thoroughly cross-examine his accuser by denying his motion to pierce [Section 3104 of the Pennsylvania Crimes Code, 18 Pa.C.S.A. § 3104, commonly referred to as the "Rape Shield Law"]?

[2.] Did the trial court impose an unduly harsh sentence and fail to consider the factors mandated by Pennsylvania's Sentencing Code when imposing a sentence that assures [Appellant] will remain incarcerated [for the remainder of his natural life,] when he is no longer a risk to recidivate[?]

[3.] Should this Court rule consistently with its precedent - and the same precedent followed by our Supreme Court - and remand this matter so that [Appellant] may litigate a constitutional challenge to his SORNA registration?

[4.] Was the evidence so inherently unreliable that it failed to sustain the verdicts [entered on Docket 9313 and Docket 10630]?

_____

*praecipe* to discontinue, this Court discontinued the three appeals. ***See Commonwealth v. Salazar*** at 405 EDA 2020, 406 EDA 2020, and 407 EDA 2020.

[5] Both Appellant and the trial court complied with Pa.R.A.P. 1925. The record demonstrates that, in compliance with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), and its progeny, Appellant filed a separate notice of appeal at each trial court docket.

Appellant's Brief at 6.

Appellant's first issue challenges the trial court's order granting the Commonwealth's motion *in limine* and excluding evidence of allegations of sexual and physical abuse made by A.B. against third parties.[6]  Appellant's Brief at 19-27; *see also* Commonwealth's Motion *In Limine*, 9/12/19; Trial Court Order, 10/1/19.

Our standard of review of an order granting, or denying, the admission of evidence concerning a victim's allegations of past sexual victimization is as follows:

> A trial court's ruling on the admissibility of evidence of the sexual history of a sexual abuse complainant will be reversed only where there has been a clear abuse of discretion.  An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill[-]will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. K.S.F.*, 102 A.3d 480, 483 (Pa. Super. 2014) (citation omitted).  As to Appellant's contention that Section 3104(a) of the Pennsylvania Crimes Code, commonly referred to as the "Rape Shield Law," should not have been applied under the circumstances of the case *sub judice*,

_____

[6] After the aforementioned charges were filed against Appellant, A.B. made allegations that while living at a residence that was different than Appellant's residence, A.B. was physically and sexually abused by her father and a paternal aunt's boyfriend, neither of whom were Appellant.  *See* Commonwealth's Motion *In Limine*, 9/12/19, at unnumbered pages 2-3; *see also* N.T., 10/1/19, at 14-15.

this contention raises an issue of law for which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Rogers**, 250 A.3d 1209, 1215 (Pa. 2021) (stating that, the contention that the Rape Shield Law should not have been applied to exclude evidence raises an issue of law for which our standard and scope of review are *de novo* and plenary).

Section 3104(a) of the Pennsylvania Crimes Code states that,

[e]vidence of specific instances of the alleged victim's past sexual conduct, past sexual victimization, allegations of past sexual victimization, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions of any offense listed in subsection (c) except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a).[7] Section 3104(a) applies when the prosecution involves, *inter alia*, charges brought under Chapter 31 (relating to sexual offenses), 18 Pa.C.S.A. §§ 3101-3141, as well as charges of endangering the welfare of a child, 18 Pa.C.S.A. § 4304, if the offense involved sexual contact with the victim, and corruption of a minor, 18 Pa.C.S.A. § 6301(a)(1)(ii). **See** 18 Pa.C.S.A. § 3104(c).

The purpose of the Rape Shield Law is "to prevent the trial from shifting its focus from the defendant's guilt or innocence to the victim's reputation or

---

[7] We note that, effective August 27, 2019, Section 3104 was expanded to include, *inter alia*, potential exclusion of evidence of specific instances of past sexual victimization and allegations of past sexual victimization. **See** Act 2019, June 28, P.L. 214, No. 24, § 1.

moral virtue." ***Rogers***, 250 A.3d at 1212. "It additionally removes obstacles to the reporting of sex crimes." ***Id.*** at 1216. The exclusionary protections afforded by the Rape Shield Law, however, must be balanced against a defendant's constitutional right to a fair trial, including the right to present evidence and conduct reasonable cross-examination of witnesses. ***Id.*** at 1216-1217.

> [C]ourts have found the [Rape Shield Law] unconstitutional as applied in circumstances where the defendant seeks to introduce evidence for reasons unrelated to impugning the complainant's character, and the probative value of that evidence outweighs the danger of unfair prejudice.

***Id.*** at 1217. For example, the Rape Shield Law cannot be utilized to prohibit relevant, potentially-exculpatory evidence. ***Id.*** The Rape Shield Law also cannot be utilized to prohibit evidence that the complainant harbored a bias or hostility towards the defendant or that the complainant had a motive to fabricate the accusation. ***Id.*** at 1217-1218.

In determining the admissibility of evidence subject to exclusion under the Rape Shield Law, the trial court must consider

> (1) whether the proposed evidence is relevant to show bias or motive or to attack credibility; (2) whether the probative value of the evidence outweighs its prejudicial effect; and (3) whether there are alternative means of proving bias or motive or to challenge credibility.

***Commonwealth v. Jerdon***, 229 A.3d 278, 285 (Pa. Super. 2019), *appeal denied*, 227 A.3d 870 (Pa. 2020). Stated another way, evidence offered to impeach a witness's credibility will not be barred by the Rape Shield Law if it

is relevant, more probative than prejudicial, and is non-cumulative in nature. ***Jerdon***, 229 A.3d at 285-286.

Here, the Commonwealth's motion *in limine* sought exclusion of evidence pertaining to allegations of sexual and physical abuse made by A.B. against third-parties. Commonwealth's Motion *In Limine*, 9/12/19. Appellant asserts that the challenged "evidence was relevant to attack the witness's credibility and crucial to his defense strategy across all three of the consolidated cases." Appellant's Brief at 19. Appellant contends that "the evidence was not intended to impugn [the minor complainant's] character" but, rather, "to arrive at the truth by challenging her credibility[.]" ***Id.*** at 22. At the hearing on the motion *in limine*, Appellant's counsel argued,

> [T]his is the first time we get to discuss this credibility. And[,] I would sure like the opportunity. I think it is prudent. I think it is - relevant is almost an understatement - to be able to ask this complainant [why] she was being removed from [] one property where she suggested abuse of a variety of kinds occurred and was being placed right back into another property where her father and [] her aunt's boyfriend, allegedly abused her in a very, very similar fashion in her bedroom at that particular property.
>
> So we're not talking about her, you know, her sexual history[, b]ut we are talking about credibility. And we're talking about, quite frankly, the similarity in the events that happened [involving] people who are in different places, different parts of the city, different - these men are not related biologically or anything.

N.T., 10/1/19, at 10-11.[8]

---

[8] A review of the notes of testimony demonstrates that in so arguing, counsel for Appellant was mistaken as to the factual background of the complainant

In excluding the evidence pursuant to the Rape Shield Law, the trial court explained,

> the proffered credibility evidence was collateral and irrelevant. [The complainant's] third-party allegations were not at issue. Regardless of whether [the complainant's] father [or the] aunt's boyfriend sexually assaulted [the complainant], it was immaterial to determining whether **Appellant** had unlawful sexual contact with [the complainant]. Trial counsel argued that the proposed evidence concerned [the complainant's] "credibility," but witnesses may not be contradicted on collateral matters, *i.e.*, matters that have no relationship to the particular issue on trial.
>
> [B]ased on counsel's repeated nods to the "similarity" of the allegations, it was clear he merely wanted the jury to conclude that [the complainant] has a penchant for making false claims. This purpose, especially without supporting evidence, is not a sufficient reason to pierce the Rape Shield Law and admit evidence of a [complainant's] allegations of prior sexual victimization.

Trial Court Opinion, 10/9/20, at 30-31 (record and caselaw citations omitted; emphasis in original).

Based upon a review of the record, we discern no error of law or abuse of discretion in the trial court's exclusion of the allegations of prior sexual victimization evidence pursuant to the Rape Shield Law. The evidence concerned the complainant's allegations of physical and sexual assault that she purportedly suffered at the hands of her biological father and her paternal aunt's boyfriend, neither of whom were Appellant. The allegations, and the

---

who was the subject of this motion *in limine*. The complainant, A.B., did not, in fact, live with Appellant but, rather, lived with her father until making accusations pertaining to his alleged sexual abuse. N.T., 10/1/19, at 13-14. A.B.'s visits to Appellant's residence were only periodic. ***Id.***

veracity of the same, concerned collateral matters, namely physical and sexual abuse **by third-parties** and did not bear directly on the issues at trial as to whether Appellant committed the crimes against the complainant. Appellant's trial was not held to determine the veracity of the abusive actions by third-parties but, rather, concerned Appellant's culpability for the crimes with which he was charged.  Therefore, we concur with the trial court that the evidence was not relevant.[9]  **See Commonwealth v. L.N.**, 787 A.2d 1064, 1069 (Pa. Super. 2001) (holding that, evidence of prior sexual assault by a third party was not relevant because "it did not tend to prove or disprove whether the [defendant] abused the [complainant]").  Consequently, the trial court properly excluded evidence of A.B.'s allegations of prior sexual victimization under the Rape Shield Law.  As such, Appellant's issue is without merit.[10]

---

[9] Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence [and] the fact is of consequence in determining the action."  Pa.R.E. 401.

[10] Moreover, we concur with the trial court that Appellant's purpose for the admission of the prior sexual victimization evidence was to suggest to the jury that the complainant had a penchant for making similar claims of physical and sexual abuse against individuals as a means to challenge the complainant's credibility.  Courts have long-held that "a witness may not be contradicted on 'collateral' matters."  **Commonwealth v. Fisher**, 290 A.2d 262, 267 (Pa. 1972); **see also McGoldrick v. Pennsylvania R.R. Co.**, 241 A.2d 90, 92 (Pa. 1968) (stating, "The pivotal issues in a trial cannot be 'sidetracked' for the determination of whether or not a witness lied in making a statement about something which has no relationship to the case on trial.").

In his second issue, Appellant challenges the discretionary aspects of his sentences, arguing that the trial court abused its discretion by imposing a sentence that was "vastly above that which was needed to protect the public[, was inconsistent] with the impact the crimes had on the victim[,]" and "provided no consideration whatsoever of [Appellant's] rehabilitative needs." Appellant's Brief at 28-33.

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):
>
> > An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
> >
> > We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [*Moury*, 992 A.2d] at 170. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted). If an appellant fails to raise a challenge to the discretionary

- 11 -

aspects of a sentence either by presenting a claim to the trial court at the time of sentencing or in a post-sentence motion, then the appellant's challenge is considered waived. ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013). A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) inconsistent with a specific provision of the Pennsylvania Sentencing Code or (2) is "contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011). A claim that the trial court, in fashioning its sentence, failed to consider the relevant sentencing criteria, including, *inter alia*, protection of the public, the gravity of the underlying offense, and the rehabilitative needs of the defendant, as required by 42 Pa.C.S.A. § 9721(b), raises a substantial question. ***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012), *appeal denied*, 63 A.3d 776 (Pa. 2013).

Here, the record reflects that Appellant filed timely notices of appeal, properly preserved a challenge to the discretionary aspect of his sentences in a motion for reconsideration of his sentences and included a Rule 2119(f) statement in his brief. ***See*** Appellant's Brief at 18. Appellant presents a colorable argument that his sentences were excessive and inconsistent with a specific provision of the Pennsylvania Sentencing Code because the trial court failed to consider the required statutory factors set forth in 42 Pa.C.S.A.

§ 9721(b). Appellant's Brief at 18; *see also Riggs*, 63 A.2d at 786.
Therefore, we proceed to consider the merits of Appellant's discretionary sentencing claim.

> Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill[-]will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015). "When imposing sentence, a [trial] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Kitchen*, 162 A.3d 1140, 1146 (Pa. Super. 2017). "When a [trial] court [] reviewed a pre[-]sentence investigation report, we presume that the [trial] court properly considered and weighed all relevant factors in fashioning the defendant's sentence." *Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014). "[W]hen a trial court imposes a sentence that is within the statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment." *Commonwealth v. Mouzon*, 812 A.2d 617, 625 (Pa. 2002) (original quotation marks omitted). A trial court is vested with discretion to impose a sentence concurrently or consecutively to other sentences being imposed at the same time. *Commonwealth v. Radecki*, 180 A.3d 441, 470 (Pa. Super.

2018); ***see also*** 42 Pa.C.S.A. § 9721(a) (permitting sentences to be imposed consecutively or concurrently). A defendant "is not entitled to a "volume discount" on his multiple convictions by the imposition of concurrent sentences." ***Commonwealth v. Brown***, 249 A.3d 1206, 1216 (Pa. Super. 2021). "[W]hen reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." ***Id.*** at 1217 (original brackets omitted).

Section 9721(b) of the Sentencing Code requires a trial court to impose a sentence that is consistent with, *inter alia*, "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Section 9781 of the Sentencing Code, which concerns appellate review of a sentence, states, in pertinent part, as follows:

**§ 9781. Appellate review of sentence**

. . .

**(c) Determination on appeal.** - The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines[,] but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.** - In reviewing the record[,] the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c) and (d).

Here, Appellant concedes that the trial court "imposed individual sentences within the sentencing guidelines." Appellant's Brief at 28. Appellant further concedes that the trial court properly considered "the gravity of the offense as it relates to the impact on the life of the victim" when it fashioned it sentence.[11] *Id.* at 32. Appellant contends, however, that the trial court failed to consider his rehabilitative needs and potential. *Id.* at 28,

---

[11] Appellant asserts,

The crimes for which the jury convicted [Appellant] are horrendous. And surely those crimes will have an enduring and painful impact on the victims throughout their lives. But [this factor] is not the only sentencing factor to be considered; otherwise all offenders convicted of rape or murder would receive functional life sentences.

Appellant's Brief at 32.

31. Appellant asserts that he had no prior convictions and "lived a law-abiding life for about 40 years" and that, although he agrees his crimes were "deplorable and heinous," his sentence was not "designed to accommodate even a modicum of hope for rehabilitation." *Id.* at 31. Appellant further contends that under the terms of his sentence, he would remain incarcerated until he was more than 80 years old, and he baldly asserts that the "sentence is grossly in excess of that which is needed to protect the public."[12] *Id.* at 32.

In considering the Section 9721(b) factors, the trial court found that "Appellant is incapable of controlling his inappropriate desires[,] thus[,] he is and will continue to be a serious danger to society." Trial Court Opinion, 10/9/20, at 23. The trial court stated,

> [The trial] court was also deeply disturbed by the fact that Appellant sexually groomed A.B. by using D.C. [as] a "demonstration" and instructing her to show A.B. "what we do." There is something uniquely wicked about forcing a child to participate in the molestation of [another child]. Moreover, there is no evidence indicating that Appellant ever felt remorse or accepted responsibility for this behavior. To the contrary, all evidence suggests that Appellant would have continued to violate these girls. After three years of molesting D.C. at every opportunity, he targeted [A.B.], who he also violated at every opportunity. He abused both minors for almost two additional years before targeting [A.O.] Appellant's protracted pattern of assaults demonstrates a clear escalation of criminal behavior, both in terms of frequency and severity. His predatory

---

[12] Appellant avers that the United States Sentencing Commission released a "statistical guide [on] recidivism by age group" that demonstrated that offenders, such as Appellant, who were released from incarceration when they are 60 years old or older have a 6.5% recidivism rate. Appellant's Brief at 31-32.

compulsions were only brought to heel after [A.O.] promptly disclosed that Appellant groped her breasts and tried to reach his hand under her underwear.

*Id.* at 22-23 (record citations omitted).

Upon review of the record, we discern no clear error or abuse of discretion in the trial court's aggregate sentence of 38 to 76 years' incarceration. The trial court reviewed a pre-sentence investigation report and the record supports that the trial court considered the appropriate factors, including the factors enumerated in Section 9721(b), when imposing its sentence. In a single determinative statement - "Appellant is incapable of controlling his inappropriate desires[,] thus[,] he is and will continue to be a serious danger to society" - the trial court implicitly found Appellant was unable to be rehabilitated, given that he was **incapable** of controlling his desires, and that the sentence imposed was necessary to protect the public as Appellant continued to be a serious danger to society. The trial court's conclusion reflecting Appellant's diminished capacity for rehabilitation is further supported by Appellant's own declaration that he has done nothing wrong.[13] Therefore, Appellant's second issue with without merit.

Appellant's third issue challenges the constitutionality of SORNA on the grounds that,

---

[13] At the hearing on Appellant's motion for reconsideration of his sentence, Appellant stated "I want to appeal. I don't want a reconsideration [of my sentences] **because I haven't done anything**" wrong. N.T., 2/20/20, at 8-9 (emphasis added).

> SORNA creates an irrebuttable presumption that every person who commits an enumerated sexually violent offense "poses a high risk of committing additional sexual offenses," 42 Pa.C.S.[A.] § 9799.11(a)(4), and has "a reduced expectation of privacy," 42 Pa.C.S.[A.] § 9799.11(a)(5). Those broad presumptions are unfounded and violate the Pennsylvania Constitution's guarantee that all citizens have a right to possess and protect their reputations. *See* Pa. Const. Art. I, § 1 (granting "certain inherent and indefeasible rights, among which are those of . . . possessing and protecting . . . reputation").

Appellant's Brief at 35 (brackets and extraneous capitalization omitted).[14]

Relying on our Supreme Court's decision in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020)[15] and this Court's decision in *Mickley, supra*,

---

[14] "In Pennsylvania, reputation is an interest that is recognized and protected by our highest state law; our Constitution. Accordingly, reputation is among the fundamental rights that cannot be abridged without compliance with state constitutional standards of due process." *Commonwealth v. Mickley*, 240 A.3d 957, 960 n.7 (Pa. Super. 2020) (citation, ellipsis, and brackets omitted).

[15] In *Torsilieri*, our Supreme Court did not reach the merits of Torsilieri's challenge to the registration and notification provisions of Subchapter H of SORNA[, 42 Pa.C.S.A. §§ 9799.10 - 9799.42,] on the grounds it violated his right to due process by impairing his right to reputation. *Torsilieri*, 232 A.3d at 574, 585. Rather, the *Torsilieri* Court remanded the matter "to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [Torsilieri] refuted the relevant legislative findings supporting the challenged registration and notification provisions of [] Subchapter H [of SORNA]." *Id.* at 596. The *Torsilieri* Court stated that, "a viable challenge to legislative findings and related policy determinations can be established by demonstrating a consensus of scientific evidence where the underlying legislative policy infringes constitutional rights" but a sufficient record must be created in the trial court in order to permit appellate review of such a constitutional challenge. *Id.* at 584, 595.

J-S09008-21

Appellant requests a remand to the trial court to develop a record in support of his constitutional challenge.[16] Appellant's Brief at 36-39.

"The constitutionality of a statute presents a pure question of law, over which our standard of review is *de novo* and our scope of review is plenary." ***Snyder***, 251 A.3d at 792 (citation and original quotation marks omitted). Our Supreme Court in ***Torsilieri, supra***, reiterated that,

> In addressing constitutional challenges to legislative enactments, [courts] are ever cognizant that the General Assembly may enact

---

[16] Recently, this Court in ***Commonwealth v. Snyder***, 251 A.3d 782 (Pa. Super. 2021) noted that,

> "This Court has rejected the idea that all constitutional cases implicating sentencing raise legality of sentence concerns." ***Commonwealth v. Lawrence***, 99 A.3d 116, 122 (Pa. Super. 2014). Rather, "the term illegal sentence is a term of art that our [c]ourts apply narrowly, to a relatively small class of cases." ***Id.*** [] Our Supreme Court's jurisprudence on this issue is "equally narrow," and generally provides that legality of sentence is only implicated "when a sentencing court's inherent, discretionary authority to wield its statutorily prescribed sentencing powers is supplanted, abrogated, or otherwise limited, . . . or the legislature's intent in fashioning a sentence has been potentially misapplied." ***Commonwealth v. Foster***, [] 17 A.3d 332, 344 ([Pa.] 2011).

***Snyder***, 251 A.3d at 794 n.9 (original brackets omitted). Although Appellant broadly characterizes his challenge as an "attack" on the legality of his sentences, ***see*** Appellant's Brief at 34 (stating that, his challenge goes "to the trial court's power to impose the sentences and thus attack[s] the sentences' legality"), Appellant, in fact, challenges the constitutionality of SORNA on the ground it denies his right to possess and protect his reputation. Therefore, Appellant's issue is subject to waiver. ***See Snyder***, 251 A.3d at 794 (stating that, "claims for relief concern[ing] alleged due process violations predicated upon the Pennsylvania Constitution's reputation clause" do not implicate the legality of a defendant's sentence and, therefore, are subject to waiver).

laws which impinge on constitutional rights to protect the health, safety, and welfare of society, but also that any restriction is subject to judicial review to protect the constitutional rights of all citizens. [A] party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution.

*Torsilieri*, 232 A.3d at 575 (citations and quotation marks omitted).

It is well-settled, however, that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Commonwealth v. Howe*, 842 A.2d 436, 441 (Pa. Super. 2004) (reiterating that, "[c]onstitutional issues, even sentencing issues based upon the constitution, are waived if not properly raised in the trial court"). This Court in *Commonwealth v. Reslink*, ___ A.3d ___, 2020 WL 7415959 (Pa. Super. 2020), recently held that a constitutional challenge to Subchapter H of SORNA must be raised before the trial court *via* "a motion to bar application of SORNA, or in a post-sentence motion." *Reslink*, 2020 WL 7415959, at *4.[17] An appellant may not raise such a constitutional challenge for the first time on appeal. *See id.*; *see also Commonwealth v. Thorne*, 245 A.3d 1099, at *3 (Pa. Super 2020) (unpublished memorandum) (stating that, a constitutional challenge to SORNA's lifetime registration requirements is waived when presented for the first time in an appellate brief), *appeal granted*, 2021 WL 3523196 (slip copy); *Commonwealth v. Chittester*, 2021

---

[17] We note that in *Torsilieri, supra*, Torsilieri preserved his constitutional challenge to Subchapter H of SORNA by filing a post-sentence motion *nunc pro tunc*. *Torsilieri*, 232 A.3d at 573.

WL 2012595, at *4 (Pa. Super. 2021) (unpublished memorandum) (stating that, a constitutional challenge to Subchapter H of SORNA is waived when presented for the first time in a Rule 1925(b) statement).

Here a review of the record demonstrates that Appellant did not file a motion to bar the application of SORNA or raise his constitutional challenge in a post-sentence motion. Rather, Appellant raised his challenge for the first time in his Rule 1925(b) statement. **See** Appellant's Rule 1925(b) Statement, 6/16/20. Therefore, Appellant waived this issue, and we cannot review it on appeal. **See** Pa.R.A.P. 302(a); **see also Reslink**, 2020 WL 7415959, at *4; **Chittester**, 2021 WL 2012595, at *4; **Thorne**, 245 A.3d at *3.

In his final issue, Appellant purports to raise a sufficiency of the evidence claim, arguing that "the credible evidence did not prove beyond a reasonable doubt that [Appellant] committed the crimes for which he was convicted." Appellant's Brief at 42.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying [this] test, the entire record must be evaluated and all the evidence actually

received must be considered. Finally, the trier[-]of[-]fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

***Commonwealth v. Pappas***, 845 A.2d 829, 835-836 (Pa. Super. 2004) (citation omitted), *appeal denied*, 862 A.2d 1254 (Pa. 2004); ***see also***

***Commonwealth v. Brown***, 52 A.3d 1139, 1163 (Pa. 2012) (stating that, in reviewing a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, **any** rational trier[-]of[-]fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis in original)). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013). To preserve a sufficiency claim, a Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. ***Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa. Super. 2008).

Preliminarily, we examine whether Appellant preserved his sufficiency claim for appellate review. In his Rule 1925(b) statement, Appellant averred,

The evidence was insufficient to sustain the guilty verdicts for every element of each charge with regards to [the three] complainants [], as there was insufficient opportunity to commit the offenses in such a pervasive and ongoing manner, in a small and cramped home occupied by numerous people at any given time, and where there lacked forensic evidence to corroborate the existence of sexual assaults.

Appellant's Rule 1925(b) Statement, 6/16/20, at ¶4. Appellant's overly-broad claim of insufficient evidence encompasses "each charge" and fails to

specifically state the element or elements upon which he alleges the evidence was insufficient. Because we are unable to discern which element or elements, or even which crime, Appellant challenges, we find that Appellant waived his sufficiency claim. *See Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (stating that, where the sufficiency of the evidence claim "simply declare[s], in boilerplate fashion, that the evidence [is] insufficient to support [the] conviction, the sufficiency claim is waived on appeal).

Moreover, in his appellate brief, Appellant asserts that, "[t]he evidence was insufficient as a matter of law because the complainants' testimony was in conflict with the incontrovertible physical facts and contrary to human experience and the laws of nature." Appellant's Brief at 43 (original quotation marks and citation omitted). Appellant contends, "[t]he complainant's dubious testimony rendered the direct evidence insufficient to convict [Appellant]." *Id.* at 42.

In so arguing, Appellant challenges the probative and persuasive value of the evidence and, in particular, the credibility of the complainants' testimony. Such a challenge raises a weight of the evidence claim rather than a sufficiency of the evidence claim. *Commonwealth v. Palo*, 24 A.3d 1050, 1055 (Pa. Super. 2011) (stating that, a claim directed to the credibility of the evidence challenges the weight of the evidence not the sufficiency of the evidence).

> A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. [*See*] Pa.R.Crim.P. 607; [*see also*]

> ***Commonwealth v. Priest***, 18 A.3d 1235, 1239 (Pa. Super. 2011). Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion. ***Commonwealth v. Sherwood***, [] 982 A.2d 483, 494 ([Pa.] 2009).

***Commonwealth v. Griffin***, 65 A.3d 932, 938 (Pa. Super. 2013) (quotation marks and original brackets omitted), *appeal denied*, 76 A.3d 538 (Pa. 2013). Here, a review of the record demonstrates that Appellant did not raise a weight of the evidence claim in a pre-sentence motion, orally prior to sentencing, or in a post-sentence motion. Therefore, Appellant, to the extent that he challenges the credibility of the evidence, and, thus, the weight of the evidence, has waived his claim.[18]

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2021

---

[18] A review of Appellant's brief demonstrates that he invites this Court to do nothing more then reassess the complainants' credibility and reweigh the evidence in an attempt to convince us to reach a result different than the one reached by the jury. "This is not the role of an appellate court." ***See Commonwealth v. DeJesus***, 860 A.2d 102, 107 (Pa. 2004) (stating, an appellate court "cannot substitute its judgment for that of the jury on issues of credibility"). Therefore, we decline Appellant's invitation to reweigh the evidence.